[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: APPEAL FROM THE EMPLOYMENT SECURITY APPEALS DIVISION, BOARD OF REVIEW
The Administrator denied plaintiff's unemployment compensation benefits because she was found not available for full time work. Plaintiff concededly left her job in order to take care of a daughter who was in need of continual care. The administrator's decision was upheld by the Appeals Referee and the Board of Review.
At issue is the effect of Connecticut General Statutes31-236(a)(2)(A)(ii) which states in relevent part:
 . . . no individual shall be ineligible for benefits it he leaves suitable work . . . (ii) to care for a seriously ill spouse or child . . . provided such illness is documented by a licensed physician. . . .
In the proceedings below the Administrator, the Appeals Referee and the board of Review found that Connecticut General Statutes 31-235(a)(2) required as a condition of eligibility that a claimant must be "physically and mentally able to work and is available for work." In this case the CT Page 2931 plaintiff was only available for part time work, and her claim was rejected even though satisfactory medical evidence documented the condition of the child requiring her care.
The Board of Review cites the matter of Rivera v. Summergraphics, 271-89-BR (4/18/86), a case in which the Board questioned whether the claimant had in fact left work to care for her ill husband or simply to relocate to another venue. In fact, the Board on remand observed that if, indeed, the claimant had left work to care for the ill husband, benefits would have been allowed. This case hardly supports the Board's position.
The relevant portion of Connecticut General Statutes31-236 with respect to one who leaves work voluntarily to care for a sick relative was amended in 1985 by the legislature. The last amendment to Connecticut General Statutes 31-235 on which defendant Board relies was in 1983. The legislature is presumed to act with full knowledge of existing law and with the intent to create a consistent body of law. Jennings v. Connecticut Light Power Co., 140 Conn. 650, 665; Farms Country Club, Inc. v. Carini, 172 Conn. 439, 444. Statutes must be construed to give effect to the intent of the legislature and not to affect a bizarre result. To adopt the defendant's position would render that portion of Connecticut General Statutes 31-236, on which plaintiff relies, totally meaningless. The two statutes can be read harmoniously by giving them their common sense meaning. Connecticut General Statutes 31-235 generally requires that a person be available for full time employment to be eligible for benefits. Connecticut General Statutes 31-236 makes an exception to this requirement where the claimant has left work to take care of a sick relative enumerated in the statute.
For the foregoing reasons, the court sustains the plaintiff's appeal and the case is remanded to the Board of Review for a de novo hearing on the amount of benefits to be awarded the plaintiff.
E. EUGENE SPEAR, JUDGE CT Page 2932